## Commonwealth v. Rieger

*Damian J. McLaughlin*, district attorney, for Commonwealth.

*Edward E. Petrillo*, for defendant.

LAUB, J., February 6, 1950.—This is a motion to quash an indictment charging defendant with obtaining money under false pretenses. The indictment sets forth that defendant "unlawfully and feloniously" pretended to be eligible to receive public assistance when in truth and fact she was not entitled to receive it. The indictment further recites that by means and color of false pretenses defendant did "unlawfully and feloniously" obtain the sum of $703.02 from the Department of Public Assistance.

Defendant's motion to quash is based upon the language of section 836 of The Penal Code, which provides, in part, as follows:

"Whoever, by any false pretense, . . . obtains from any other person any chattel, money, or valuable security, with intent to cheat and defraud any *person* of the same . . . is guilty of a felony . . ."

It is defendant's contention that the Department of Public Assistance is not a person within the meaning of The Penal Code and that therefore the indictment does not charge an offense.

Reference to section 103 of the code discloses that the word "person" is defined as follows: " 'Person,' and 'whoever,' includes an individual, copartnership, association and corporation". From this it can be observed that the Department of Public Assistance, which is neither a copartnership, association, nor a corporation, is not a person within the meaning of section 836, supra, and in consequence the indictment does not describe the felony of false pretenses.

Our conclusions in this case do not imply that the Commonwealth is powerless to punish so-called "relief chiselers" who make a practice of cheating the public by pretending to require assistance when in fact no such relief is needed. The legislature has, by section 13 of the Act of June 24, 1937, P. L. 2051, as amended by section 3 of the Act of June 26, 1939, P. L. 1091, 62 PS §2513, made special provision for the prosecution of such offenders. Curiously enough, the original information in this case properly charged defendant with a violation of the special statute. However, the indictment found by the grand jury was not drawn in conformity with the information. This indictment describes defendant's conduct as felonious, a designation which brings the action squarely under the provisions of section 836 of The Penal Code, supra. The Act of June 24, 1937, and its amendment make the offense of cheating the Commonwealth in assistance cases a misdemeanor. In consequence there is no way in which the present indictment can be considered as charging the special offense, and it must therefore be quashed.

And now, to wit, February 6, 1950, the indictment is quashed.